**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

_____

IN RE: SHALE OIL ANTITRUST LITIGATION        Case No. 1:24-md-03119-MLG-LF

This Order Relates to All Cases

### PROTECTIVE ORDER

Plaintiffs and Defendants (collectively, the "Parties") in the above-captioned matter agree that the proceedings may involve the discovery and disclosure of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, and personally identifiable information, documents, and other materials. The Parties agree that such "Confidential," "Highly Confidential," or "Outside Counsel Only" information will be disclosed only as provided herein. The Parties may serve subpoenas for production of documents on certain other individuals and entities that are not Parties, but that may be entitled to the same types of privileges, protections, and assurances of confidentiality available to or agreed upon by the Parties. Because a purpose of this Stipulated Protective Order ("Order") is to protect and preserve confidential documents, the Parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval. The Court thus enters this Order, pursuant to Federal Rule of Civil Procedure 26(c)(1), governing the disclosure of documents and information therein designated as "Confidential," "Highly Confidential," or "Outside Counsel Only" on the terms set forth herein.

1.  **DEFINITIONS:**

    a)  <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of Disclosures or Discovery Material under this Order.

    b)  <u>Confidential Information</u>: any Disclosures or Discovery Material (regardless of how generated, stored, or maintained), or any portion thereof, that a Producing Party has, subject to the provisions of this Order, designated "Confidential," based on the

Producing Party's reasonable and good faith belief that the Disclosures or Discovery Material constitutes or reveals information or tangible things that contain confidential or proprietary business, commercial, research, personnel, product, Personally Identifiable Information ("PII"), or financial content belonging to the Producing Party, the Producing Party's current or former employer, or a Non-Party.

c) <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel, as defined below (as well as their support staffs).

d) <u>Designating Party</u>: a Party or Non-Party that designates information that it produces in disclosures or in responses to discovery as "Confidential," "Highly Confidential," or "Outside Counsel Only."

e) <u>Disclosures or Discovery Material</u>: all information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that is produced, used, or generated in disclosures or responses to discovery in this Matter regardless of whether the disclosures or responses to discovery occurred prior to the entry of this Order.

f) <u>Expert</u>: a person with specialized knowledge or experience pertinent to this Matter who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Matter to assist in the preparation and trial of this Matter. This definition includes the Expert's employees and staff.

g) <u>Highly Confidential Information</u>: any Disclosures or Discovery Material that a Producing Party has, subject to the provisions of this Order, designated as "Highly Confidential," based on the Producing Party's reasonable and good faith belief that the Disclosures or Discovery Material constitutes or reveals extremely sensitive Confidential Information, or any portion thereof, disclosure of which would create a substantial risk of serious competitive harm that could not be avoided by less restrictive means, which may include, but is not limited to include, (a) current or future business strategies and other strategic planning information; (b) projections or plans regarding performance, budgets, production, output, sales, marketing, or distribution practices;

(c) research and development information; (d) manufacturing know-how or technology; (e) board of directors materials and presentations; (f) customer lists or information; (g) negotiation strategies; (h) proprietary software, systems, or processes; (i) financial information, including but not limited to, margin, cost, and pricing information; (j) intellectual property; (k) employee training materials; (l) employee recruitment and retention strategies; (m) commercial agreements with third parties; or (n) information of a personal or intimate nature regarding any individual that is subject to foreign (i.e., non-US) data protection laws or other foreign privacy obligations ("Foreign Private Data"). The mere fact that a Disclosure or Discovery Material falls within the categories listed at sub-paragraphs (a)-(n) does not mean that it automatically qualifies as Highly Confidential Information.

h) <u>In-House Counsel</u>: attorneys who are employees of a Party or Non-Party (as well as their support staff).

i) <u>Matter</u>: the above-captioned case (*In Re: Shale Oil Antitrust Litigation*, Case No. 1:24-md-03119), all of the underlying actions related to or consolidated with the above-captioned case, and any related actions that may later be consolidated with the above-captioned case.

j) <u>Non-Party</u>: any individual or entity that is not named as a Party in this Matter.

k) <u>Outside Counsel</u>: attorneys who are not employees of a Party or Non-Party but who are retained to represent or advise a Party or Non-Party in this Matter (as well as their support staff).

l) <u>Outside Counsel Only Information</u>: any Disclosures or Discovery Material that a Producing Party has, subject to the provisions of this Order, designated as "Outside Counsel Only," based on the Producing Party's reasonable and good faith belief that the Disclosures or Discovery Material constitutes or reveals extremely sensitive Highly Confidential Information, or any portion thereof, disclosure of which would create a substantial risk of serious competitive harm that could not be avoided by less restrictive means. A designation of "Outside Counsel Only" constitutes a representation that such

information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such a designation.

m) <u>Party</u>: any Party to this Matter, including all of its officers, directors, and employees.

n) <u>PII</u>: Personally Identifiable Information, which, for purposes of this Order, includes: payment card numbers, financial account numbers, social security numbers, driver's license numbers, medical information, employer identification numbers, tax identification numbers, passport numbers, or a foreign government's equivalent of any of these numbers or identifiers.

o) <u>Privileged Material</u>: any Disclosures or Discovery Material protected from disclosure under the attorney-client privilege, attorney work product doctrine, and/or any other applicable United States statute, law, regulation, privilege, or immunity from disclosure.

p) <u>Producing Party</u>: any Party or Non-Party that produces Disclosures or Discovery Material in this Matter.

q) <u>Professional Vendors</u>: persons or entities specifically engaged for the limited purpose of providing litigation support services (e.g., ESI vendors; photocopying; videotaping; translating; preparing exhibits or demonstratives; organizing, storing, retrieving data in any form or medium; investigators and consultants; court reporters) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this Matter.

r) <u>Protected Material</u>: any Disclosures or Discovery Material that is designated as "Confidential," "Highly Confidential," or "Outside Counsel Only" pursuant to this Order.

s) <u>Receiving Party</u>: a Party that receives Disclosures or Discovery Material from a Producing Party in this Matter.

## 2.    SCOPE

The protections conferred by this Order cover not only Protected Material but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. This Order does not govern the use of Protected Material at trial; any use of Protected Material at trial shall be governed by a separate agreement or order.

That said, the protections conferred by this Order do not cover materials that are available to the public or have not previously been kept in a confidential manner. Nothing in this Order shall be construed to limit the use of any Disclosures or Discovery Material at any hearing in this Matter provided that the Parties take necessary advance precautions to avoid the public disclosure of Protected Material. A Party that intends to present, or that anticipates that another Party may present, Protected Material at a hearing, shall bring that issue to the Court's attention in advance of the proceeding if reasonably practicable, or at the proceeding if necessary; in either case without disclosing or specifically identifying the Protected Material. The Court may thereafter make such orders as are necessary to govern the use of such Protected Material at hearings. This Order is subject to the Local Rules of the District of New Mexico and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

3.    **DESIGNATING PROTECTED MATERIAL**

a)    <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information for protection under this Order must take care to limit any such designation to specific material that qualifies under appropriate standards.  Mass, indiscriminate, or routinized designations are prohibited.  A Designating Party must take care to designate for protection only those material, documents, or oral or written communications that qualify for such protection under this Order.  If it comes to a Party's or Non-Party's attention that information it designated for protection does not qualify for protection at all or does not qualify for the level of protection initially asserted, that Party or Non-Party must promptly notify the other Parties that it is withdrawing the mistaken designation and, if applicable, designate a different level of protection.

<u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosures or Discovery Material that qualifies for protection under this Order must be clearly so designated before it is disclosed or produced. Designation in conformity with this Order requires:

(i) <u>For  information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings)</u>: that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL ONLY" on each page in a manner that does not interfere with the legibility of the document, except that in the case of multi-page documents bound together by a staple or other permanent binding, the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL ONLY" need only be affixed on the first page of the document in order for the entire document to be treated as so designated.  With respect

to documents for which the legend cannot be affixed, e.g., documents produced in native form, the Producing Party shall include the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL ONLY" in the metadata produced for such documents, in the filename, on the production media, and/or on any slipsheet produced with the native file.

(ii) <u>For testimony given in depositions</u>: that, unless all Parties agree otherwise on the record at the time the deposition testimony is taken, all deposition testimony shall be treated as Outside Counsel Only Information for a period of 30 calendar days after the final transcript is delivered to the Party or Non-Party being deposed. No later than 30 calendar days after receiving the final transcript (or such other period as the Parties shall mutually agree), the Party or Non-Party seeking to designate material as Protected Material shall provide written notice to other Parties and the court reporter for the deposition in question as to specific portions of the testimony that are designated Confidential, Highly Confidential, or Outside Counsel Only and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.

(iii) <u>For information produced in any other tangible items</u>: that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying

whether they qualify as Confidential, Highly Confidential, or Outside Counsel Only.

b) <u>Inadvertent Failures to Designate.</u> In the event that Protected Material is produced without having been previously marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL ONLY," the Receiving Party shall, upon a written request from the Designating Party, treat and preserve such document, paper, or thing in accordance with the confidentiality designation that the Designating Party states should have been affixed to it. The Designating Party must then, within 7 business days of its written request, or such other time as agreed by the Parties, reproduce the document, paper, or thing with the appropriate confidentiality designation. The Receiving Party shall take reasonable steps to either (a) sequester the document if the new designation is disputed; or (b) destroy or return all copies of such non- or mis-designated documents. The inadvertent failure of a Party or person to designate a document as Confidential, Highly Confidential, or Outside Counsel Only at the time of production shall not, standing alone, be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such material has been disclosed or used in a manner inconsistent with the later designation. Once a designation is made, however, the relevant documents or materials shall be treated as Confidential, Highly Confidential, or Outside Counsel Only in accordance with this Order. If material inadvertently not designated is, at the time of the later designation, already filed with a court on the public record, the Party or person that failed to make the designation shall move for appropriate relief.

c)  <u>More than One Designating Party.</u> In the event that more than one Designating Party designates the same Protected Material with different levels of confidentiality, all copies of the Protected Material shall subsequently be treated by the Receiving Party as having the highest level of confidentiality designated by any Designating Party pending any challenge to the confidentiality designation as provided for in Section 4 regarding challenging designations.  The Receiving Party's obligation to treat the Protected Material with the highest level of confidentiality runs: (i) in the case of ESI and paper documents produced in response to requests for production, from the Receiving Party's receipt of an overlay production correcting the confidentiality designation; and (ii) in the case of other Protected Material, from the receipt of written notice.

d)  <u>Upward Designation.</u> A Party may upward designate (i.e., (i) change any Disclosures or Discovery Material produced without a designation of Confidential, Highly Confidential, or Outside Counsel Only to one of those three designations, (ii) change any Disclosures or Discovery Material produced as Confidential to a designation of Highly Confidential or Outside Counsel Only, or (iii) change any Disclosures or Discovery Material produced as Highly Confidential to Outside Counsel Only) any Disclosures or Discovery Material produced by another Party or Non-Party, provided that said Disclosures or Discovery Material contains the upward Designating Party's Confidential, Highly Confidential, or Outside Counsel Only Information, or otherwise is entitled to protective treatment under Federal Rule of Civil Procedure 26(c), such that the upward designation is appropriate under the terms of this Order. Any upward designation shall be preliminarily accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Disclosures or Discovery Material to be re-designated along with an overlay production

making the same upward designation in relation to ESI and paper documents produced in response to requests for production. Any Party that wishes to challenge the upward designation shall thereafter have 30 days to challenge the upward designation of the Disclosure or Discovery Material pursuant to the procedures set forth in Section 4 regarding challenging designations. All Receiving Parties shall treat the pertinent Disclosures or Discovery Materials according to their upward designation until the later of 30 days after receiving notice or the conclusion of the designation challenge period.

**4.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A Challenging Party may in good faith challenge the Confidentiality Designation of a particular document or information by letter or email to Counsel for the Designating Party, at any time prior to 45 calendar days before the first day of trial. The written notice shall identify the information to which the objection is made and the basis for that objection. Within 10 business days after the time the notice is received, the parties will attempt to resolve the dispute over telephone, videoconference, or in-person.

If the parties cannot resolve the objection during the telephonic, video, or in-person conference, it shall be the obligation of the Designating Party to file a discovery motion pursuant to Local Civil Rule 37.1 within 10 business days of the Parties' failure to resolve the objection. Any motion seeking to uphold a confidentiality designation that contains or would otherwise reveal Confidential, Highly Confidential, or Outside Counsel Only Information shall be filed under seal. If such a motion is timely pursued, the disputed information shall be treated as designated under the terms of this Order until the Court issues a ruling on the dispute. If the Designating Party fails to pursue a motion within the prescribed time, the disputed information shall lose its designation as Confidential, Highly Confidential, or Outside Counsel Only (as applicable) and shall not thereafter be treated as such in accordance with this Order. The Designating Party shall bear the burden of establishing that good cause exists for the disputed information to be treated as such.

5.    **ACCESS TO AND USE OF DISCLOSURE OR DISCOVERY MATERIAL**

a)    <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Matter only for prosecuting, defending, or attempting to settle this Matter.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  When the Matter has been terminated, a Receiving Party must comply with the provisions of this Order regarding Final Disposition (Section 15).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Nothing in this Order, however, shall prevent or prejudice any Party or Non-Party designating Documents Confidential, Highly Confidential, or Outside Counsel Only Information from using its own such designated Documents for any purpose, including privately disclosing its own Confidential, Highly Confidential, or Outside Counsel Only Information to others not mentioned in this Section 5, and such private disclosure shall not waive the protections of this Order.

b)    <u>Disclosure of Confidential Information.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information designated Confidential only to:

(i) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Matter and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(ii) the Receiving Party's Outside Counsel, including employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Matter (including paralegals and attorney support staff);

(iii) an individually-named plaintiff, class representative, or Defendant who is a natural person, to whom disclosure is reasonably necessary for this Matter and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that such person shall not take possession of such information;

(iv) any person designated as a corporate witness for the Producing Party pursuant to Fed. R. Civ. P. 30(b)(6), provided that counsel for the Party intending to disclose the information has a good faith basis for believing such Confidential Information is relevant to the topic(s) for which the person has been designated;

(v) Experts of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(vi) the Receiving Party's insurers and the insurers' employees who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(vii) the Court and its personnel; [1]

(viii) Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(ix) the author(s), custodian(s), or recipient(s) of the document (as verified either by the face of the document, the document's metadata, other written material, testimony, and/or other evidence, but not including a person who received the document solely in the course of this Matter) or the original source(s) of the information;

(x) any natural person whose conversation(s) or meeting(s) is/are referenced in the Document or whose conduct is purported to be identified in the

---

[1] To be clear, this Order is not binding on Court personnel or jurors.

Document, provided that counsel for the Party intending to disclose the information has a good faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge, and disclosure to such person is limited to the portion of the Document in which the person or person's conversation(s), meeting(s) or conduct is/are referenced, and such person has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(xi) during their testimony (including at depositions and hearings), witnesses of the Producing Party to whom disclosure is reasonably necessary, provided that counsel for the Party intending to disclose the information has a good faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge. Witnesses shall not retain a copy of Documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed testimony or exhibits to depositions that are designated as CONFIDENTIAL pursuant to Section 3 may not be disclosed to anyone except as permitted under this Order;

(xii) any mediators, other alternative dispute resolution neutrals, including their secretaries, paralegals, professional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this Matter and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

         (xiii) other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

c) <u>Disclosure of Highly Confidential Information.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information designated Highly Confidential only to:

         (i) In-House Counsel of the Receiving Party, or a Defendant who is a natural person, to whom disclosure is reasonably necessary for this Matter and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

         (ii) the Receiving Party's Outside Counsel, including employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Matter (including paralegals and attorney support staff);

         (iii) an individually-named plaintiff or class representative to whom disclosure is reasonably necessary for this Matter and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that such person shall not take possession of such information;

         (iv) any person designated as a corporate witness for the Producing Party pursuant to Fed. R. Civ. P. 30(b)(6), provided that counsel for the Party intending to disclose the information has a good faith basis for believing such Highly Confidential Information is relevant to the topic(s) for which the person has been designated;

         (v) Experts of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

         (vi) the Court and its personnel;

(vii) Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(viii) the author(s), custodian(s), or recipient(s) of the document (as verified either by the face of the document, the document's metadata, other written material, testimony, and/or other evidence, but not including a person who received the document solely in the course of the Matter) or the original source(s) of this information;

(ix) any natural person whose conversation(s) or meeting(s) is/are referenced in the Document or whose conduct is purported to be identified in the Document, provided that counsel for the Party intending to disclose the information has a good faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge, disclosure to such person is limited to the portion of the Document in which the person or person's conversation(s), meeting(s), or conduct is/are identified or referenced, and such person has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(x) during their testimony (including at depositions and hearings), witnesses of the Producing Party to whom disclosure is reasonably necessary, provided that counsel for the Party intending to disclose the information has a good faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge. Witnesses shall not retain a copy of Documents containing Highly Confidential Information, except witnesses may receive a copy of

all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed testimony or exhibits to depositions that are designated as Highly Confidential pursuant to Section 3 may not be disclosed to anyone except as permitted under this Order;

(xi) any mediators, other dispute resolution neutrals, including their secretaries, paralegals, professional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(xii) other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

d) <u>Disclosure of Outside Counsel Only Information.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information designated Outside Counsel Only only to:

(i) the Receiving Party's Outside Counsel, including employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Matter (including paralegals and attorney support staff);

(ii) an individually-named plaintiff or class representative to whom disclosure is reasonably necessary for this Matter and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that such person shall not take possession of such information;

(iii) any person designated as a corporate witness for the Producing Party pursuant to Fed. R. Civ. P. 30(b)(6), provided that counsel for the Party intending to disclose the information has a good faith basis for believing

such Outside Counsel Only Information is relevant to the topic(s) for which the person has been designated;

(iv) Experts of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(v) the Court and its personnel;

(vi) Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(vii) the author(s), custodian(s), or recipient(s) of the document (as verified either by the face of the document, the document's metadata, other written material, testimony, and/or other evidence, but not including a person who received the document solely in the course of the Matter) or the original source(s) of this information;

(viii) any natural person whose conversation(s) or meeting(s) is/are referenced in the Document in the Document or whose conduct is purported to be identified, provided that counsel for the Party intending to disclose the information has a good faith basis for believing such Outside Counsel Only Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge, disclosure to such person is limited to the portion of the Document in which the person or person's conversation(s), meeting(s) or conduct is/are identified or referenced, and such person has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(ix) during their testimony (including at depositions and hearings), witnesses of the Producing Party in the Matter to whom disclosure is reasonably necessary, provided that counsel for the Party intending to disclose the

information has a good faith basis for believing such Outside Counsel Only Information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge. Witnesses shall not retain a copy of Documents containing Outside Counsel Only Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed testimony or exhibits to depositions that are designated as Outside Counsel Only pursuant to Section 3 may not be disclosed to anyone except as permitted under this Order;

(x) any mediators, other dispute resolution neutrals, including their secretaries, paralegals, professional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A); and

(xi) other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

e) <u>Certification and Retention of Exhibit A</u>. To the extent any person is required to complete the "Acknowledgement and Agreement To Be Bound" (Exhibit A), facsimile signatures or signatures transferred in electronic format (e.g., PDF) shall be treated as original signatures for purposes of this Order. Counsel for the Party that obtains the signed "Acknowledgement and Agreement To Be Bound" (Exhibit A) shall retain them for 6 months following the final termination of the Matter, including any appeals, and shall make them available to other Parties or the Court upon good cause shown.

**6.      COUNSEL'S RELIANCE ON PROTECTED MATERIAL**

Notwithstanding the provisions of Sections 2, 3 and 5, counsel may provide high level summaries or characterizations of the evidence in the Matter to their respective clients for the purpose of obtaining instructions in conducting this Matter but such summaries and characterizations may not disclose specific information that would otherwise violate the provision of this Order.  Nothing in this Order is intended to bar or otherwise prevent any counsel from rendering advice to his or her client with respect to this Matter and, in the course of rendering such advice, from relying upon his or her examination or knowledge of Confidential, Highly Confidential, or Outside Counsel Only Information.

**7.      NO GREATER PROTECTION OF SPECIFIC INFORMATION**

Except on privilege grounds not addressed by this Order, no Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party moves for an order providing such special protection.

**8.      ABSENT CLASS MEMBERS**

Protected Material may not be disclosed to absent members of a putative or certified class (each an "Absent Class Member") who have not intervened or otherwise appeared in this Matter, except under the circumstances described in Section 5.  If, however, Protected Material is contained in a filing with the Court pursuant to Section 12, such filing may be disclosed to Counsel for the Absent Class Member (or the Absent Class Member if not represented) for purposes of evaluating any settlement affecting the Absent Class Member, (i) provided that such Counsel, if any, and the Absent Class Member have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), (ii) provided that any Protected Material designated as "Outside Counsel Only" is appropriately redacted, and (iii) provided that such Absent Class Member shall not take possession of such Protected Material.

**9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

   a)  If a Party is served with a subpoena, discovery request, an order, or other legally enforceable demand issued in other litigation or proceedings before any administrative or legislative body, or any other person or organization purporting to have authority to subpoena that would compel disclosure of any Protected Material, the Party must:

   (i) promptly notify the Designating Party in writing (by email, if possible). Such notification must include a copy of the subpoena, discovery request, order, or demand;

   (ii) promptly notify in writing (by email, if possible) the party who caused the subpoena, discovery request, order, or demand to issue in the other proceeding that some or all the material covered by the subpoena, discovery request, order, or demand is the subject of this Order. In addition, the Receiving Party must promptly deliver a copy of this Order to the party in the other proceeding that caused the subpoena, discovery request, order, or demand to issue;

   (iii) not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier. In connection with any production of Protected Material subject to this Order, the Receiving Party shall request the corresponding confidentiality designation.

   (iv) If the Designating Party timely seeks a protective order, the Party served

with the subpoena or court order will not produce any Protected Material before a determination by the court from which the subpoena, discovery request or order issued.

b) The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in the Matter an opportunity to try to protect its confidentiality interests in the court or body from which the subpoena, order, or demand issued. The Designating Party shall bear the burdens and the expenses of seeking protection of its Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court or body authorized to issue such directives.

c) In the event that Discovery Material is produced to a Non-Party as a result of a subpoena, discovery request or an order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body, or other person or entity, such Discovery Material shall continue to be treated in this Matter in accordance with any designation as Protected Material; provided, however, that if Protective Material becomes public by reason other than a Receiving Party's breach of this Stipulated Order, it is no longer entitled to protection in this Matter.

## 10. UNAUTHORIZED DISCLOSURE OF DISCOVERY MATERIAL

If a Receiving Party learns that it or its counsel, officers, directors, employees, consultants, experts or agents, through inadvertence or otherwise, have disclosed Disclosures or Discovery Material, including Protected Material to any person or in any circumstance not authorized under this Order, the Party must within three business days upon learning of such disclosure: (a) notify in writing the Designating Party of the unauthorized disclosures and to the extent feasible identify the Bates-labeled number of the unauthorized disclosure; (b) make every reasonable effort to prevent disclosure by each unauthorized person who received such information; (c) use reasonable best efforts to retrieve all copies of the Disclosures or Discovery Material; (d) if feasible, inform

the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (e) if feasible, request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Nothing contained herein shall limit the right of the Producing Party to seek relief against the Party responsible for such disclosure.

## 11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

### A.  NON-WAIVER OF PRIVILEGE

This Order is entered pursuant to and invokes the maximum protections allowed under Federal Rule of Evidence 502(d) with regard to Privileged Material.  The inadvertent disclosure or production of Privileged Material shall be governed by this Order and not subject to the provisions in Federal Rule of Evidence 502(b).  But if for any reason, a court finds that this Section is inapplicable to Privileged Information, Rule 502(b) will apply in its absence.

This Order does not preclude a Party from intentionally waiving any claims of privilege, including by its affirmative use—as opposed to inadvertent disclosure—of its own Privileged Material.  The scope of any such intentional waiver shall be governed by Federal Rule of Evidence 502(a).

The inadvertent production of any Privileged Material will not be deemed to waive any privilege or work product protection (in this Matter or any other federal or state proceeding) either as to specific information in the Privileged Material or as to any other information relating thereto or on the same or related subject matters.

If a Party or Non-Party affirmatively uses its own Privileged Material in a deposition, expert report, or Court filing, such disclosure shall be deemed intentional and the same Party or Non-Party that utilized its own Privileged Material cannot subsequently claw back said Privileged Material.

Except as expressly provided herein, this Order shall not affect the application of any rules, including but not limited to the Federal Rules of Evidence and the Federal Rules of Civil Procedure, governing the assertion, application, or challenge of any claim of privilege.

### B.     CLAWBACK OF INADVERTENT DISCLOSURE

a) <u>Clawback.</u> If a Producing Party inadvertently produces Privileged Material in connection with this Matter and thereafter claims that such information is protected by any privilege or attorney work product protection ("Disclosed Protected Information"), subject to the terms of this Order, the disclosure of said Disclosed Protected Information shall not alone constitute or be deemed a waiver or forfeiture—in this Matter or any other federal or state proceeding—of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter.

b) <u>Clawback Process.</u> Federal Rule of Civil Procedure 26(b)(5)(B) shall govern the clawback of Disclosed Protected Information. Any Producing Party may request, in writing, the return or destruction of any Disclosed Protected Information by identifying such information and stating the basis for its protection from production (the "Clawback Notice"). The Clawback Notice shall be accompanied by a log accurately describing the Disclosed Protected Information consistent with Fed. R. Civ. P. 26(b)(5)(A). For avoidance of doubt, such Clawback Notice must be as specific as possible in identifying the basis for the privilege claimed, including at least the information required by Rule 26(b)(5)(A)(ii). Within seven business days of the request, the Producing Party must provide a supplemental production volume overlay matching the identified Disclosed Protected Information, so that the Receiving Party can replace the specified documents in its review platform. That overlay should include a redacted form of the Disclosed Protected Information if the claim is that only a portion of the document(s) is privileged, or a slip sheet noting that the document(s) has been withheld on privilege grounds if the Producing Party claims that the entire document(s) is privileged.

If a Producing Party requests the return of such Disclosed Protected Information, the Receiving Party(ies) or Non-Party(ies) shall, within seven business days of receipt

of the Clawback Notice, return or destroy the Disclosed Protected Information and all copies thereof, providing written certification of the same. If a Receiving Party intends to contest the assertion of privilege or other protection claimed by the Producing Party for the Disclosed Protected Information that has been clawed back, the Receiving Party shall provide the Producing Party with a "Notice of Clawback Challenge" no later than ten business days of receipt of the Producing Party's supplemental production volume overlay. The Notice of Clawback Challenge shall provide the specific reason for the Receiving Party's challenge to the privilege or other protection, and certification that it has sequestered the Disclosed Protected Information until the issue can be resolved.

Until the resolution of the clawback challenge, no Receiving Party or Non-Party may retain, cite, or use the substance of any of the Disclosed Protected Information for the clawback challenge or any other purpose without the express, written consent of the Producing Party. Any analysis memoranda, notes, or other work product regarding the information generated before the Clawback Notice was served as a result of review or analysis of the Disclosed Protected Information shall be sequestered upon receipt of the Clawback Notice related to the Disclosed Protected Information. Such information shall be destroyed if the Receiving Party does not contest that the Disclosed Protected Information is privileged or the Court rules that the Disclosed Protected Information is privileged. For avoidance of doubt, if a non-privileged fact contained in any such Disclosed Protected Information is also contained in a non-privileged document that is not subject to the Clawback Notice, there is no requirement to destroy the portion of the analysis memoranda, notes, or other work product that references information that is not subject to the Clawback Notice.

If a Notice of Clawback Challenge is made by the Receiving Party, the Producing Party and Receiving Party shall meet and confer in good faith regarding the disputed claim. If, at the conclusion of the meet and confer process, the Parties (including any involved Non-Parties) are still not in agreement, subject to Section 12 below, within 14 business days of the Parties reaching an impasse, the Producing Party may bring the

issue to the Court and substantiate the claim(s) of privilege by filing a motion for protective order under seal with the Court. Nothing herein shall prevent the Producing Party from bringing the dispute to the Court for resolution between the time the Parties reach impasse and the expiration of the 14-day period for the Producing Party to do so. The Producing Party must also provide a copy of the disputed Document(s) for the Court's review in camera. A Receiving Party challenging a Clawback Notice by initiating a Notice of Clawback Challenge under this Section may not use the content of the clawed-back Document(s) claimed to be privileged for the purpose of responding to a motion for a protective order and/or any other relief sought by the Producing Party in connection with the disputed Clawback Notice. Any such response filed by the Receiving Party in challenging the Clawback Notice shall be filed with the Court under seal.

c) <u>Loss of Clawback After Use.</u> Notwithstanding the foregoing, the Parties agree that any Disclosed Protected Information used by any Party (or Non-Party) in a deposition, expert report, or Court filing in this Matter shall not be eligible for protection under Rule 502(d) as a clawed-back Document if: (1) the Disclosed Protected Information, or Document containing such information, is used by any Party (including a Non-Party) in a deposition, hearing, or Court filing in this Matter (with the exception of a motion to determine the existence of any privilege), or referred to in an expert report served in this Matter; (2) the Party (or Non-Party) seeking to claw back the information was represented at the deposition or hearing, was a party to the motion or other proceeding in connection with which the Court filing was made, or was a subject of the opinions expressed in the expert report; and (3) such Party (or Non-Party) fails to claw back the Privileged Material pursuant to this Order: (i) contemporaneously in the case of a deposition or hearing exhibit; (ii) within seven business days of its use in the event of a Court filing, discovery response, or expert report; or (iii) in the case of Disclosures or Discovery Material first used by the Producing Party on an exhibit list, within the time prescribed by the trial Court for objections to such pretrial filings, if less than

25

seven business days.  In the event a Notice of Clawback Challenge is issued in connection with a Court filing, if after meeting and conferring the Parties are unable to resolve the dispute, the Parties reserve their rights to request leave from the Court to suspend the briefing schedule associated with the Court filing pending resolution of the challenge to the associated Clawback Notice.

The Producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information.  Nothing in this Section shall limit the right of any Party to petition the Court for an in camera review of the Disclosed Protected Information.

Where a Receiving Party agrees to or is ordered to destroy clawed-back Disclosures or Discovery Material, the Receiving Party must instruct its e-discovery vendor to delete the document entirely from its e-discovery database and delete other copies of the clawed-back Disclosures or Discovery Material. To the extent that it is not technologically feasible for a Receiving Party to destroy clawed-back Disclosures or Discovery Material (for example, if the clawed-back information is part of a production provided on read-only production media such that the clawed-back document cannot be destroyed without destroying the entire production media), the Parties (including any involved Non-Parties) will meet and confer as to an acceptable alternative approach.  Nothing in this Order is intended to preclude either Party from seeking fees or expenses associated with the unreasonable or excessive claw back of Documents and/or unreasonable challenges in opposition thereto.

d) <u>Clawbacks Before Deposition.</u> If a Producing Party attempts to claw back Disclosed Protected Information authored or received by an individual (including an organizational designee) who is scheduled for a deposition within 30 calendar days, and the propriety of the clawback is not resolved as set forth herein prior to the date of the deposition, then the Parties (including any involved Non-Parties) will meet and confer on the appropriate course of action, which may, but need not necessarily, include:

(i) rescheduling the deposition until the issue is resolved by the Court; or

(ii) conferring prior to the deposition to determine if the document may be used in the deposition subject to agreed-upon limitations.

e) <u>Clawbacks During Deposition.</u> If during a deposition, a Producing Party attempts to claw back Disclosed Protected Information that a Receiving Party intends to introduce as an exhibit at the deposition:

(i) The Parties may call the Court during the deposition to determine if immediate resolution is possible.

(ii) If after the Parties attempt to contact the Court during the deposition, the Court is either unavailable or declines to resolve the dispute during the deposition, the Receiving Party resisting the clawback shall be permitted to recall the deponent for the sole and exclusive purpose of questioning the deponent on the document at issue if the Court subsequently determines the clawback was improper (if exercised, recalling the deponent for this purpose will not count against the total number of depositions or deposition hours to which the Receiving Party resisting the clawback is entitled).

## 12.    FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Matter any Protected Material. The Parties acknowledge that this Order does not entitle them to seal all Confidential Information filed with the Court. In the event a Party seeks to file any document containing Protected Material, that Party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the Designating Party; (b) where appropriate (e.g., in relation to discovery, evidentiary, or clawback motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal.

The submitting Party may file a document containing Protected Material as a separate sealed exhibit before a sealing order is obtained. Contemporaneously with that filing, however,

the Party must file a motion for leave to file the document under seal, identifying the Designating Party.  If the Party filing the motion containing Protected Material is the Designating Party, the motion for leave to file under seal should include a declaration identifying the Protected Material contained in the document and explaining why the document is sealable.  If the Party filing the document is not the Designating Party, the Designating Party must file a declaration identifying the Protected Material contained in the document and stating whether the designated material is sealable, and if so, why, within 14 calendar days of the filing of the motion to file under seal, or on any other such schedule as the Court may order.  If the Designating Party does not file a responsive declaration within the described time period, the submitting party may file the document in the public record at any point after the motion is denied.

## 13.    NON-PARTIES AND ADDITIONAL PARTIES

In conducting discovery from Non-Parties, the Parties shall attach this Order to a copy of any subpoena or other discovery request.  Non-Parties from whom discovery is requested are entitled to the protections of this Order in responding to such requests.  In the event that a new Party is added, substituted, or otherwise brought into this Matter, this Order will be binding on and inure to the benefit of the new Party.  To be clear, however, this Order shall not be binding on Non-Parties and this Order does not govern whether the Court has jurisdiction over Non-Parties to enforce the Order's provisions.

## 14.    SECURITY AND DATA BREACH

a) Care for the Storage, Custody, and Use of Protected Material. Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of such Protected Material as they would apply to their own material of the same or comparable sensitivity.

b) Protective Precautions. Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration, and destruction.

c) <u>Discovery of Breach.</u> If the Receiving Party discovers a cyberattack or other deliberate security breach resulting in actual unauthorized access to the Protected Material of a Designating Party ("Data Breach"), the Receiving Party shall: (1) provide written notice to the Designating Party of such breach as soon as reasonably practicable after Receiving Party's discovery of the breach; and (2) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. For the avoidance of doubt, the notification obligations under this sub-section arise when the Receiving Party both (a) learns of a Data Breach, and (b) learns that any of the Producing Party's Protected Materials are potentially subject to the Data Breach. The notification obligations set forth in this sub-section do not run from the time of the Data Breach itself.

d) If required by any judicial or governmental request, requirement, or order to disclose such information relating to the Data Breach, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement, or order through legal means.

e) The Receiving Party agrees to provide reasonable cooperation to the Designating Party or law enforcement in investigating any such Data Breach, including providing (when available) the Designating Party with information regarding the identity of the Protected Material that was impacted by the Data Breach, the manner in which the Data Breach occurred, and the start and end date of the Data Breach.

f) In the event of a Data Breach, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment.

g) In no event shall the procedures in this Section violate ethical obligations, legal obligations, work product protections, or attorney-client privilege, including privileges applicable to a Party's investigation and response to a Data Breach.

29

**15.    FINAL DISPOSITION**

Unless prohibited by law or otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final termination of the Matter (including any appeals), each Receiving Party must either return all Protected Material to the Producing Party, or destroy all Protected Material (including but not limited to copies in the possession or control of any Expert or employee).  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, (i) Counsel are not expected to access and extract any Protected Material from their disaster recovery systems; and (ii) Counsel are entitled to retain an archival copy of all pleadings, final expert reports and supporting materials, motion papers, exhibits, transcripts, legal memoranda, emails and other correspondence, and attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**16.    MISCELLANEOUS**

a) <u>Use of Artificial Intelligence Tools.</u> Protected Material shall not be voluntarily provided to any Generative AI tool (e.g., ChatGPT) or any substantially similar tool that is open or available to the public.  Providing Protected Material to an open or public tool is considered disclosure to a Non-Party.  The obligations and restrictions of this paragraph apply even where the data or the Protected Material has been anonymized. The Parties further expressly agree that no Receiving Party will submit any Protected Material received pursuant to this Order to any AI Model unless it first ensures that the AI tool will not learn from, be trained on, or otherwise incorporate the Material for any purpose

other than the prosecution or defense of this Matter.   Before a Receiving Party submits Discovery Material received pursuant to this Order to an AI Model in compliance with this paragraph, the Receiving Party shall make certain that such Protected Material will not be accessible to unauthorized persons and that it can be deleted from the AI Model in accordance with Section 15 of this Order.

b) <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  This Order is made without prejudice to the right of any Party to seek further or additional protection of any Protected Material or to modify this Order in any way, including, without limitation, an order that certain material not be produced at all, or for any Party to oppose such a request.

c) <u>Party's Disclosure of Its Own documents.</u> Nothing in this Order shall prevent a Producing Party from disclosing its own Disclosure or Discovery Material, including Protected Material, in any manner it chooses.

d) <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

e) <u>Effectiveness When Executed.</u> Once executed by the Parties, this Order shall be treated by the Parties as a signed Order of Court until it is formally approved by the Court.

f) <u>Modifications.</u> This Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

g) <u>No Prior Judicial Determination.</u> This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document designated Confidential, Highly Confidential, or Outside Counsel Only Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific

document or issue.

h)   Remedies: Violations of this Order may be subject to sanctions and punishment by this Court, including but not limited to a finding of contempt of court.  All other remedies available to any person or Party injured by a violation of this Order are fully reserved.

i)   Application of Order After Termination of the Matter. The Parties hereby agree to be bound by the terms of this Order after the Matter ends.  A Party may also seek leave to reopen the case to enforce the Order's provisions.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

## **EXHIBIT A**

### **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, [print full name], of _____ [print or type full address], declare under penalty of perjury under the laws of the United States of America that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of New Mexico, in the case captioned *In re: Shale Oil Antitrust Litigation*, No. 1:24-md-03119-MLG-LF.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of New Mexico solely for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this Matter.

Date: _____

City and State (or Country) where sworn and signed: _____

Printed Name: _____

Job Title: _____

Employer: _____

Signature: _____

i